# DECISIONS

OF THE

## SUPREME COURT OF MISSOURI,

THIRD JUDICIAL DISTRICT.—Oct. Term 1836.

### Collins v. Waddle.

The provisions in our statute concerning off-sets, does not apply to a note which expresses to be "payable without defalcation."

*Gamble and Allen for pltf. in error.*

In support of the error assigned in this case, the pltf. relies on Chitty on Bills, p. 126–7, 8, 9, 30, and notes.

*Spalding for deft. in error.*

The defendant in error contends that the set-off is not allowable—1. Old Rev. code, p. 143, sec. 1, shows that there is no set-off allowable, when the note is payable "*without defalcation,*" so that this plea is prohibited by the statute. 2. But if this were not so, the set-off could not be allowed, because the defendant Collins, has agreed that it should not be claimed. The words "without defalcation" mean that he would not claim a set-off; and it is against his own formal stipulation, in making the contract, to set it up now. He should be held as estopped. None of the cases decided under the law merchant, are cases of notes containing this stipulation against set-off. 3. These words are at least to be considered as Collins' formal admission and statement, that he had no set-off against the note at this date; and to let him now go back to set up one, is not only against bonos mores, but against the knowledge of the law; which when admissions are made for certain purposes, will hold the person making them, to the fact admitted in the absence of fraud.

Opinion of the court delivered by McGirk Judge*

Waddle brought an action by petition and summons, in the circuit court of St. Louis county, against Collins on an assigned note. The petition states, that on 21, day

of October 1833, the defendant made the note, whereby he promised on the 1st May 1834, to pay to John Darniel or order, five hundred and fifty dollars, negotiable and payable in Br. B. U. S. at St. Louis, without defalcation. That on the 9th May 1835, Darniel assigned the note to William Myers. That on 26th May 1836, Myers assigned the same to Waddle. Collins, among other things, pleaded that after making the said note, and while it was the property of said Darniel, and before he had assigned the same, the said Darniel was and still is indebted to the plaintiff, in the sum of one thousand five hundred dollars, for so much money by the defendant, before that time lent to him, and paid, laid out &c.; and for two thousand dollars had and received &c., which he is ready to verify. Wherefore he prays judgment. The plaintiff demurred to this plea, and had judgment on the demurrer. This is the only error complained of.

Opinion of the court.

The provisions in our statute concerning off-sets does not apply to a note which expresses to be "payable without defalcation."

The act af the legislature respecting asssignments of bonds &c. says: (in page 105, revised code.) "The obligor or maker, shall be allowed every just set-off and discount against the assignee or the assignor before judgment, unless it shall be expressed in the bond or note, that the sum therein specified, shall be paid without defalcation or discount." It is our opinion, that this note comes within the words above cited, and prevents the defendant from setting up any set-off. This note expresses that the same is to be paid without defalcation: consequently the provision allowing a set-off contained in the 3rd section do not apply to this case. Judgment affirmed.