HUNLETH v. LEAHY *et al., Appellants.*

Division Two, December 6, 1898.

1. **Appellate Practice**: DEATH OF ONE APPELLANT. Where there are two appellants, and the death of one of them is suggested after the appeal reaches the Supreme Court, and no one has been brought in as administrator or substituted in his stead, the appeal does not abate, but must proceed at the suit of the surviving appellant. R. S. 1889, sec. 2295.

2. **Evidence**: PAROL PROOF OF WRITTEN INSTRUMENT: ABANDONMENT OF ISSUE. Defendants bought land and gave a note secured by deed of trust thereon as part payment, and pleaded to a suit on the note that they had conveyed the land by warranty deed to a partnership subject to the deed of trust, and that by a collateral agreement made by a member of the firm, a straw man, who had no interest in the transaction, had agreed to pay the note as a part consideration for the purchase of said property and afterwards another member of the firm had acquired it and transferred it to plaintiff without consideration, and that he had notice of these facts. At the trial this contract was shown a defendant, who identified it, but it was not offered in evidence. *Held,* that as the defendant had pleaded a written contract to vary the consideration expressed in the deed, and had identified and declined to offer in evidence that contract at the trial, he could not be permitted to offer parol evidence to prove the agreement; *and* having failed to produce in evidence the agreement pleaded and under his control, he thereby abandoned any defense of payment which the agreement gave him.

3. **Negotiable Note**: OUTSIDE EQUITIES. A negotiable promissory note in the hands of an indorsee after maturity is only subject to such equities as are connected with the note itself, and not to such as grow out of distinct and independent transactions between the original parties thereto.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*L. Frank Ottofy* and *John P. Leahy* for appellants.

(1) The rule or principle applicable to a negotiable promissory note acquired after maturity, viz.,

that the indorsee takes it subject only to such equities as are connected with its inception, has no application in this case.   The plaintiff received the note after maturity; it had then been paid and extinguished, and was dead paper as to the defendants.   Henner, from whom he acquired it, could reissue it only as against himself, or the firm which had paid for it.   The plaintiff secured no  better title  than  Henner then had, as against the defendants.   *Kellogg v. Schnaake,* 56 Mo. 136; *Swope v. Leffingwell,* 4 Mo. App. 538; *Allen v. McDermott,* 80 Mo. 59; *Ashbrook v. Letcher,* 41 Mo. App. 372; *Sater v. Hunt,* 66 Mo. App. 527; *Henley v. Holzer,* 19 Mo. App. 245; *Murphy v. Simpson,* 42 Mo. App. 654; *Turner v. Hoyle,* 95 Mo. 345; *Ford v. Phillips,* 83 Mo. 523; *Julian v. Calkins,* 85 Mo. 202; *Payne v. First Nat'l Bank,* 43 Mo. App. 377; *Kelly v. Staed,* 136 Mo. 438.   (2)   When either of the Henner firm acquired the note, which they were in duty bound to pay, the legal and equitable title to the property was merged in them, and the note thus extinguished.   15 Am. and Eng. Ency. of Law, 321; *Atkinson v. Angert,* 46 Mo. 518; Jones on Mortg. [3 Ed.], sec. 865; *Sater v. Hunt,* 66 Mo. App. 527; *Nelson v. Brown,* 140 Mo. 580; *Collins v. Stocking,* 98 Mo. 290; *Thompson v. Holden,* 117 Mo. 118; *Evans v. Gibson,* 29 Mo. 223; *Shaw v. Shaw,* 86 Mo. 594; *Freeman v. Moffitt,* 119 Mo. 280.   (3) The Storm contract, or paper, was in admissible in evidence:   *First.*   Because it was never delivered.   *Second.*   Because it purports to be executed by Padersky, under seal, and is not signed by him. *Third.*   Because he never authorized its execution in his behalf, nor ratified it.   *Fourth.*   Because the evidence shows Henner wanted it only to show his creditors.   Indeed, there would have been nothing in this record  concerning  it,  had  not counsel for plaintiff advised the court he would himself offer it in evidence,

which, however, he studiously avoided. *Schuetze v. Bailey*, 40 Mo. 69; Story on Agency, sec. 148; *Mantz v. Maguire*, 52 Mo. App. 49.

*John A. Gilliam* and *John W. Drabelle* for respondent.

(1)   Appellant, David P. Leahy, absolutely failed to follow his pleadings, to prove or offer in evidence the written contract pleaded by him, and repudiated and abandoned his pleadings at the trial, and therefore absolutely failed in his defense. *Wright v. Mfg. Co.*, 42 S. W. Rep. 789; *Tracy v. Union Iron Works Co.*, 104 Mo. 193; *Miller v. Municipal E. L. & P. Co.*, 133 Mo. 205; *State ex. rel. v. Hoshaw*, 98 Mo. 358; *Hyde v. Hazel*, 43 Mo. App. 668; Greenleaf on Evid. [Lewis Ed.], secs. 50–51; *Haynes v. Christian*, 30 Mo. App. 203; *State v. Jackson*, 95 Mo. 649; *Iron Mountain Bank v. Murdock*, 62 Mo. 70. (2)   The obligation of Jacob F. Storm by Emil Henner, his agent, could not be held an obligation by George E. Henner. A party must abide by the security he takes. If he takes the obligation of one man he can not claim it to be the obligation of another. *Farmers Bank v. Bayliss*, 41 Mo. 274; *Farmers Bank v. Bayliss*, 35 Mo. 428; *Sparks v. The Dispatch Transfer Co.*, 104 Mo. 531; *Kelly v. Thuey*, 102 Mo. 522. (3)   The Union Trust Company held this note as collateral from George E. Henner, and obtained it before it was due. Leahy's pleadings show these facts. Hunleth bought it from them, and on this phase of the case, they being holders before maturity, he obtained an unimpeachable title. *Deere v. Marsden*, 88 Mo. 512; *Logan v. Smith*, 62 Mo. 455; *Merchants' Nat. Bank v. Abernathy*, 32 Mo. App. 211; *Fitzgerald v. Barker*, 96 Mo. 661; Daniel on Neg. Inst. [4 Ed.], sec. 803. (4) Respondent took this negotiable note subject

only to equities inherent in the note itself, and free from set-off or counterclaim, and is not subject to equities or defenses which grow out of distinct and independent transactions.    *Cutler v. Cook*, 77 Mo. 388; *Barnes v. McMullins*, 78 Mo. 260; *Haeussler v. Greene*, 8 Mo. App. 451; *Grier v. Hinman*, 9 Mo. App. 213; *Knaus v. Givens*, 110 Mo. 58; *Kelly v. Staed*, 136 Mo. 430; *Loewen v. Forsee*, 137 Mo. 29; *Arnot v. Woodburn*, 35 Mo. 99; *Mattoon v. McDonald*, 34 Mo. 138; *Gullett v. Hoy*, 15 Mo. 399; *Burrough v. Moss*, 10 Barn. & Cress. 558; *Whitehead v. Walker*, 10 Mee. & W. 698.

GANTT, P. J.—This is an action on a negotiable promissory note, executed and delivered by the defendants, David P. Leahy and Charles Padersky, to Mrs. Anna Davis and secured by a deed of trust on certain real estate known as the Ramona Park Place tract, duly recorded.    It was indorsed by Mrs. Davis and became the property of Alonzo F. Davis and was by him indorsed to George E. Henner, and by George E. Henner it was hypothecated with the Union Trust Company before its maturity for $4,200.    Not having been paid at maturity the Union Trust Company caused it to be protested for non-payment.    Subsequent to the protest, the plaintiff, Hunleth, paid the trust company $4,200 for its interest and traded George E. Henner plaintiff's equity in some real estate in the city of St. Louis, for his equity in the note.    In this action the makers of the note make no claim that they had any defense to the note in the hands of Mrs. Anna Davis, or Alonzo Davis or the trust company.    It is also admitted that the Union Trust Company caused the real estate, covered by the deed of trust given by defendants to secure this note, to be sold and realized $4,504, which sum was credited on the note and this suit is for the balance.

Defendants filed separate answers. Padersky denied the note was indorsed to plaintiff for value and then pleaded this special defense:

"Defendant admits the execution of said note, as alleged in said petition; admits that there is a credit of $4,504 on said note, the result of a sale of real estate by which said note was secured. Defendant states that, on or about October 8, 1892, for a valuable consideration received from defendants, David P. Leahy and Charles Padersky, Jacob F. Storm and Emile Henner his agent, contracted and agreed with defendants to pay up and cancel said note at its maturity; that in pursuance of said agreement, and after the maturity of said note, said Emile Henner fully paid and took up said note, that said Emile Henner, after he had fully paid and taken up said note, and after its maturity, indorsed and delivered said note to plaintff, and that plaintiff took said note, after its maturity, from said Emile Henner, with full knowledge that the same had been fully paid by said Henner, in pursuance of his agreement made with defendants, and plaintiff paid no value for said note. Wherefore defendant says plaintiff is entitled to no recovery against him, and he asks to be hence discharged with his costs."

Defendant Leahy first denied every allegation in the petition and then for further defense pleaded: "That the note herein sued upon by plaintiff has been fully paid and satisfied when it came into the possession of plaintiff; that on or about the ninth day of August, 1892, the defendants acquired of one Anna S. Davis, by warranty deed in due form, a tract or parcel of ground situated in the county of St. Louis and State of Missouri, and known as Ramona Park Place, which said deed is of record in the recorder's office of said county, in book 59, at page 621; that as a part consideration of said tract or parcel of ground, these defend-

ants executed to said Anna S. Davis the note herein sued upon, secured by a deed of trust of even date upon said property, which was duly recorded in the office of the recorder of deeds of said county, in book 59, at page 621; that thereafter, on or about the eighth day of October, 1892, the defendants bargained and sold said property to Emile E. Henner, George E. Henner, and Charles Sutter, composing the firm of Henner Bros. & Co., the same being conveyed to them by defendants by warranty deed, dated October 15, 1892, in the name of said Charles Sutter, one of said firm, said deed being of record in the office of the recorder of deeds, of St. Louis county, Missouri, in book 63, page 314; that it was the custom of said firm, owing to its impending financial straits, to purchase real property in the individual names of its partners, and in that of strangers, or "straw men;" that at the time said firm so purchased said property, one of its members, to wit, Emile E. Henner, acting for said firm, and in the name of one Jacob F. Storm, a nominal party, having no interest in the transaction, agreed by a written obligation, dated the eighth day of October, 1892, to assume the payment of the note herein sued upon as a part consideration for the purchase of said property which was conveyed to said Sutter, as aforesaid, subject to said deed of trust and note; that thereafter, to wit, on the ——— day of October, 1892, the said firm of Henner Bros. & Co. was dissolved, and the said George E. Henner and Emile E. Henner succeeded thereto, under the firm name and style of Henner Brothers, and assumed all the obligations of said firm of Henner Bros. & Co.; that thereafter, to wit, on the nineteenth day of February, 1894, the said firm of Henner Bros., by one of its members, viz., George E. Henner, purchased from Alonzo F. Davis the note herein sued upon, and thereby acquired and became

the owner of the equity of redemption therein and thereby satisfied and paid the same pursuant to its obligation to do so as aforesaid; that thereafter, to wit, on or about the twenty-third day of February, 1894, the said firm of Henner Bros., through said George E. Henner, pledged the note herein sued on with the Union Trust Co., of St. Louis to secure a loan of $3,500, and on the fifth day of May said firm through said George E. Henner and Emile E. Henner, pledged said note with said Union Trust Co., for an additional loan of $1,500, and thereafter, on the tenth day of August, 1894, said firm of Henner Bros., through said George E. and Emile E. Henner, again pledged said note herein sued upon with said Union Trust Co., to secure a loan of $4,200, which became due and payable on the eleventh day of December, 1894, and the same remaining unpaid, the said trust company caused said property to be advertised and sold, on or about the twenty-fourth day of December, 1894, under said deed of trust, to satisfy its loan on the notes herein sued on, and being paid its loan, surrendered and delivered over the said note to said Henner Bros., who thereupon credited the sum of $4,504, thereon, being the amount bid for said property at said sale; that thereafter, long after its maturity, the said Henner Bros. delivered the said note to this plaintiff with the intent and purpose of defrauding these defendants out of the amount here sued upon, and this plaintiff, well knowing at the time that said note had been paid and satisfied, and paying no value or consideration therefor whatever; and defendants further state that the said firm of Henner Bros. and each of the said members individually, and said Jacob F. Storm, are all insolvent, and that therefore defendants can not in an action for that purpose enforce any remedy he may have against them. Wherefore defendants pray that said note herein sued

upon be adjudged to be void and of no effect; that the same be ordered to be delivered up to defendants to be canceled, and for such other and further relief as to the court shall seem meet and just."

On the trial plaintiff read in evidence the note and proved the indorsements of Mrs. Anna Davis, Alonzo F. Davis and George E. Henner, as follows:

"$8,500.00.      ST. LOUIS, MO., Aug. 9, 1892.

"On or before two years after date we promise to pay to Anna S. Davis or order, eight thousand and five hundred dollars, for value received, with interest from date at the rate of six per centum per annum, until paid.

"DAVID P. LEAHY,
CHARLES PADERSKY."

Indorsed: "Without recourse on me or my estate. Anna L. Davis;" "St. Louis, February 19, 1894, for value received I assign and transfer within note without recourse on me to Geo. E. Henner, Alonzo F. Davis;" "Without recourse on me. Geo. E. Henner;" "Paid, St. Louis, December 24, 1894, by proceeds sale real estate under deed of trust (after expenses deducted) the sum of $4,504.00."

Since this case has reached this court the death of the defendant Padersky has been suggested, and no one has been brought in as his administrator and substituted in his stead.

Being one of two appellants, it is clear the suggestion of his death does not abate the appeal but under the language of section 2295, the cause must proceed at the suit of the surviving appellant Leahy.

Let us recur now to the allegations of the answer of defendant Leahy. The pith of this pleading is that defendants made the note sued on in payment of the tract of land known as Ramona Park Place. He then avers that afterwards Padersky and Leahy bargained and

sold this property to Emile E. Henner, George E. Henner and Charles Sutter and conveyed it by warranty deed to Charles Sutter, and "that at the time said firm purchased said property *one* of its members to wit, Emile E. Henner, acting for said firm and in the name of Jacob F. Storm, a nominal party, having no interest in the transaction, agreed by a written obligation dated eighth day of October, 1892, to assume the payment of the note herein sued upon as a part consideration for the purchase of said property which was conveyed to said Sutter as aforesaid, *subject to said deed of trust.* The plain English of which allegation is that one Jacob F. Storm in writing agreed to assume the payment of the note in suit.

In his evidence Leahy testified: "There was a written contract which showed this negotiation. It is Storm and Henner in the body of the contract. I had the contract." It seems, moreover, that defendant identified a paper shown him on the trial as the contract to which he refers in his answer and other evidence. Mr. John P. Leahy testified that he drew the instrument. He says Emile Henner asked that it be put that way—"Jacob F. Storm, by Emile Henner, agent."

We have then a plain warranty deed by defendant to Sutter conveying the tract of land *subject to the deed of trust.* To vary that deed, the parties plead a collateral agreement by one Jacob F. Storm to assume this deed of trust, and charging that Emile Henner was using Storm as a straw man, and this collateral undertaking was identified on the trial, but never offered or read in evidence. When oral evidence was offered to prove this assumption the learned circuit court excluded it for the very evident reason that the party's own pleadings, and his own preliminary proof established that there was better evidence of the agreement in

existence and in the power of defendants to produce. Indeed it became under the answer of defendants the only evidence of the assumption of this note of which the case was susceptible.

While the rule in Missouri unquestionably permits parol evidence to show the real and true consideration of a deed, though it may be different from that expressed on its face, we know of no rule which permits verbal evidence of a fact which the party himself pleads was in writing and produces the writing itself and identifies it and then fails or refuses to put it in evidence. Having failed to produce the evidence of the agreement of assumption, as pleaded, it amounted to an abandonment of the issue tendered. 1 Greenleaf Ev. [15 Ed.], sec. 276; *State ex rel v. Hoshaw*, 98 Mo. 358; *Tracy v. Union Iron Works*, 104 Mo. 193; *Miller v. E. L. & P. Co.*, 133 Mo. 205.

Excluding then this writing, defendant's warranty deed to Sutter imposed no obligation whatever upon Sutter or his copartners to pay the note of defendants. The substratum upon which the remainder of the answer is based is thus completely swept away. Without proof of this averment in the two answers, which in this regard are identical, it will not be controverted that George E. Henner might with impunity purchase the note in suit, and although past due convey plaintiff a good title thereto, as it is not pretended that there is any equity growing out of the transaction itself as between defendants and any prior owner of the note down to George Henner. Unless the agreement was sustained by the writing pleaded, it was incompetent by parol evidence to show that George E. Henner, either directly, or through the alleged agreement of his brother Emile, obligated himself to assume the note in suit, and pay the same as a part of the purchase price for said lot, without ignoring the pleading.

VOL. 146 mo—27

It must also be borne in mind that all of the oral discussions between the Henners and defendants ante-dated the contract of assumption by Storm, and these preliminaries are conclusively presumed to have been finally merged in the said instrument.

Now it is only on the theory that George E. Henner had bound himself to take up this note of defendant's that the claim of payment thereof had been made prior to plaintiff's purchase of the note. It is clear that unless payment was thus shown there was nothing to impeach the plaintiff's title to the note. He would clearly not be affected by the fact that defendants and George E. Henner or the firm of Henner Bros. & Co. had mutual outstanding accounts against each other.

It is the settled law of this State that a negotiable promissory note in the hands of an indorsee after maturity is only subject to such equities as are connected with the note itself, and not such as grow out of independent and distinct transactions between the original parties. *Collins v. Waddle*, 4 Mo. 452; *Loewen v. Forsee*, 137 Mo. 29.

In the fifth paragraph of their brief counsel for Messrs. Leahy and Padersky make the point that the written contract, which they set up in their answers, was inadmissible in evidence, because not delivered, and not executed by Padersky and was unauthorized. We can not pass on these objections for the reason that it was never offered in evidence, was not objected to and is not in the record.

But granting that these, or any one of these, objections to the said agreement should have been sustained, what then becomes of defendant's answer which predicated a plea of payment entirely upon the said written assumption of this note by Henner Bros. Indeed this seems to us a novel contention. This contract was

pleaded by defendant as an agreement to take up this note as a part of the consideration from Sutter for the firm to Leahy & Padersky and yet was never offered by defendants nor read in evidence, though no objection was ever made to its admission. Having confined themselves to this averment of payment in this particular manner, defendants must stand or fall by it. The trial court properly excluded all verbal agreements by Emile Henner and Storm to assume the note in suit and having rid the case of its incompetent and irrelevant matter, there remained absolutely nothing to constitute a defense to the note and the court correctly so instructed the jury. The judgment must be and is affirmed.

SHERWOOD and BURGESS, JJ., concur.