## VESER v GUARDIAN LIFE INS CO OF AMERICA

Ohio Appeals, 1st Dist, Hamilton Co

Decided June 13, 1932

Bert H. Long, Cincinnati, for plaintiff in error.

Hightower & O'Brien, Cincinnati, for defendant in error.

**HAMILTON, J.**

The defendant in error contends that the trial court was correct in sustaining the demurrer on the second ground, and should have sustained the demurrer on the third ground, that the amended petition does not state facts to show a cause of action.

A novel situation is presented by the record.

There are allegations in the amended petition, tending to show that the action is based on a breach of a three party contract; the contract being breached by the insurance company by its failure to deliver the policy issued on the life of Emil J. Veser, the brother of the plaintiff.

If the action is for a breach of contract, then the plaintiff could maintain the action, since the breach resulted in damage to him, he being a party thereto.

There are allegations in the petition alleging negligent delay in the delivery of the policy on the life of Emil J. Veser, indicating the contract was not performed, resulting in a negligent tort.

If the cause of action was for a negligent tort, then the plaintiff could not maintain the action, because that action would have to be brought by the administrator of Emil J. Veser, deceased, the applicant for the insurance.

That the action for negligent tort must be brought in the name of the administrator of the estate of the deceased applicant was the holding in the case of Duffy v Bankers' Life Association, 139 NW, 1987; L.R.A., 46, (N.S.), 25. This seems to be the holding in the states where the tort action for delay on the part of the insurance company is recognized.

In passing it may be stated that many of the states do not recognize such an action.

Without deciding that an action for negligent tort in such case is recognizable in Ohio, we are in accord with the decision in the Duffy case that the action must be brought in the name of the administrator, and that the beneficiary would have no suable interest based on negligent tort.

However, it must be noted that in the amended petition is the allegation that "plaintiff entered into an agreement with his brother, the said Emil J. Veser **and this defendant**, that plaintiff and the said Emil J. Veser would, each on the life of the other, take out a policy of life insurance in the defendant company for the benefit of the other in the sum of $2,500.00; that this plaintiff secured said insurance for the benefit of said Emil J. Veser, his partner, in all respects according to the terms of said agreement with this defendant, and that the said Emil J. Veser made an application with the defendant company in pursuance to the terms of said agreement and in the sum of $2,500.00 on the life of the said Emil J. Veser and in favor of his said brother, Arthur A. Veser as beneficiary; that the said Emil J. Veser on or about said date signed an application for said insurance with the defendant and passed a satisfactory physical examination, all in pursuance to said agreement with this defendant and that on or about the 24th day of July, 1928, a policy of insurance was issued and delivered by the defendant on the life of Arthur J. Veser in the sum of $2,500.00, with the said Emil J. Veser, as beneficiary there-

in and that on or about July 11, 1928, a policy of insurance was issued by the defendant on the life of said Emil J. Veser in the sum of $2,500.00 with the said Arthur A. Veser as beneficiary therein, and that said policy was delivered by the defendant to its Cincinnati agent on or about the 11th day of July, 1928, all according to the terms of said agreement with this defendant."

The amended petition follows this statement with the statement that the policy on the life of Emil J. Veser was sent to the Cincinnati office, but it failed to deliver said policy to the said Emil J. Veser from the 11th day of July, 1928 until the present time.

Then follows the allegation of the sudden death of Emil J. Veser on the 17th day of July, 1928.

Our analysis of the allegations of this amended petition is that the action is for damage for breach of the contract, growing out of the joint contract between the insurance company and the two brothers, and that the allegations of carelessness, negligence, and unreasonable delay are mere surplusage.

That the amended petition is one for breach of contract is further shown by the following allegation:

"Plaintiff further says that he has made demand upon the defendant for the delivery of said policy according to the terms of said agreement and for the payment of the sum of $2,500.00 as damages as hereinbefore set forth and that the defendant refused and still refuses so to do."

We have, therefore, the allegations of a contract, to which the plaintiff and defendant are parties, and the breach of that contract by the defendant, resulting in damage to the plaintiff. These allegations are admitted by the demurrer and are good as against the demurrer, both as to stating a cause of action and the legal capacity to maintain the suit.

The judgment dismissing the amended petition will be reversed, and the cause will be remanded to the Court of Common Pleas of Hamilton County, with instructions to reinstate the amended petition, and for further proceedings according to law.

ROSS, PJ, and CUSHING, J, concur.