HELEN FORCK, APPELLANT, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, RESPONDENT.—66 S. W. (2d) 983.

Kansas City Court of Appeals. December 4, 1933.

H. P. Lauf and Lewis H. Cook for appellant.

James T. Blair, Jr., Walter R. Mayne, Blair & Blair and Fordyce, White, Mayne & Williams for respondent.

CAMPBELL, C.—Plaintiff's petition alleges that the defendant is a corporation organized under the law of New Jersey and authorized to transact a life insurance business within the State of Missouri; that on April 18, 1931, her husband, Ben Forck, applied to the defendant for a policy of insurance "together with other employees of the Lee Jordan Lumber Company, a corporation, of Jefferson City, Missouri," for what is known as a group insurance policy in the sum of $2000 and designated plaintiff as the beneficiary in the policy to be issued; that at the time the application was made the premium required by the defendant was paid to it; that it thereupon became and was the duty of the defendant to either issue the policy applied for to the said Ben Forck or reject the application within a reasonable time and to notify the applicant thereof; that defendant, in violation of its said duty, wrongfully failed, neglected and refused to issue said policy of insurance to the said Ben Forck, and failed and neglected to reject said application and notify the said Ben Forck thereof within a reasonable time, and that said application was pending with the defendant company at the time of the death of Ben Forck which occurred on May 23, 1931; that defendant did not return or offer to return the premium which it received. Judgment is prayed in the sum of $2000, the amount of damages alleged.

The cause was tried and plaintiff had a verdict and judgment in the sum of $2000. The defendant filed motion for new trial which the court sustained upon the ground that plaintiff's petition did not state facts sufficient to constitute a cause of action.

Courts have said that a life insurance company receiving an application for life insurance is in duty bound to act with reasonable diligence in accepting or rejecting it, and that failure to do so is a tort for which it is liable in damages. [Duffie v. Bankers Life Insurance Company, 139 N. W. 1087; DeFord v. New York Life Insurance Company, 224 Pac. 1049; Strand v. Bankers Life Insurance

Company, 213 N. W. 349; Metropolitan Life Insurance Company
v. Brady, 174 N. E. 101; Security Insurance Company v. Cameron,
205 Pac. 151; Fox v. Voluntary State Life Insurance Company, 116
S. E. 266; Columbian National Life Ins. Co. v. Lemmons, 222 Pac.
253; Dyer v. Life Ins. Co., 232 Pac. 346; American Life Insurance
Company v. Nabors, 48 S. W. 459.]

The following authorities hold that an application for life insur-
ance is a more proposal and that the life insurance company receiv-
ing an application is not required to accept or reject it or to notify
the applicant that his application has been accepted or rejected;
that in event the premium accompanied the application the com-
pany is liable for a return of the premium if it fails to accept the
application within a reasonable time. [Savage v. Insurance Com-
pany, 121 So. 487; Metropolitan v. Brady, 173 N. E. 99, 102; Na-
tional Union Fire Insurance Company v. School District, 182 S. W.
547; Butterfield v. Springfield Life Insurance Company, 278 Pac.
733; Giddings v. Northwestern Mutual Life Insurance Company,
102 U. S. 108, 111; Thornton v. National Council, 110 W. Va. 412.]

But plaintiff is not in position to have determined the question
as to whether or not the alleged failure of defendant was a breach
of duty rendering it liable in damages. The duty, if any, was owing
to the applicant, Ben Forck, and not to the plaintiff.

Negligence is a positive wrong, a breach of duty, and no person
may recover damages because of the wrong save the one to whom the
duty was owing.

The case of Duffie v. The Bankers Life Ass'n of Des Moines, 139
N. W. 1087, has been cited with approval many times. In that case
Joseph M. Duffie on April 8, 1911, applied to the defendant therein
for insurance upon his life, naming his wife as beneficiary in the
policy applied for. The applicant, Duffie, died on July 9, 1911.
The insurance company did not accept or reject the application dur-
ing the life of the applicant. After the death of the applicant his
widow brought suit to recover damages for the alleged negligent
failure of the insurance company to accept or reject the application.
The administratrix of the decedent intervened and was made a party
defendant. The court held that plaintiff had no cause of action
for the reason "there was no contract, and the negligence, if any,
was that of failing to discharge a duty owing the deceased;" that
the injury was to the applicant, and that his legal representative
could maintain action for resulting damages.

It is apparent that the great weight of authority is to the effect
that an insurance company does not owe any duty to the person
designated as beneficiary in an application for life insurance.

We hold that the defendant in this case upon the pleaded facts
did not owe any duty to plaintiff and hence she may not have de-
termined the question as to whether or not the defendant was owing

duty to her husband to accept or reject his application. We shall not discuss the question as to whether or not it was the duty of defendant to accept or reject the application within a reasonable time, nor shall we discuss the question as to whether or not a cause of action accrued to Ben Forck in his lifetime. Neither will we determine the question as to whether or not the cause of action, if any, survived to his legal representative for the reason that such questions are not presented in the record.

Plaintiff argues that an executor or administrator may sue in his own name and not necessarily in his official capacity. The record does not disclose that plaintiff is the legal representative of her deceased husband. Therefore there is no basis for the contention.

The plaintiff insists that the defect, if any, in parties plaintiff appears on the face of the petition and was waived by the failure of the defendant to raise the question by special demurrer. A mere defect in parties plaintiff must be raised by special demurrer or it is waived. The question is not one of a mere defect in parties plaintiff but a total failure of the petition to show right of action in plaintiff.

It is settled law that a petition failing to state facts showing a cause of action against the defendant or failing to show that the plaintiff has right in the action is insufficient. [Gruender v. Frank, 267 Mo. 713.]

The petition is founded upon the theory that plaintiff was named as the beneficiary in the application and in virtue thereof was entitled to recover for an alleged negligent performance of a duty owing to her. We held that the defendant was not owing a duty to her and she may not complain of a breach of duty, if any, owing by the insurance company to her husband.

The order and judgment of the court sustaining the motion for new trial is affirmed. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The order and judgment of the court sustaining the motion for new trial is affirmed. All concur.