CHARLES O. CHITTUM *et al. v.* COMMONWEALTH LIFE INSURANCE COMPANY

(No. 7902)

Submitted November 20, 1934. Decided December 22, 1934.

*Taylor & Taylor,* for plaintiff in error.
*R. H. Casto,* for defendants in error.

KENNA, JUDGE:

Charles O. Chittum and Cecelia C. Chittum brought this action before M. H. Thayer, a justice of the peace in Kanawha County for $200.00 which they sought to recover as damages for a wrong. The justice having found for the defendant, plaintiffs appealed to the Court of Common Pleas of Kanawha County, and there was a

judgment based upon the verdict of a jury for $200.00 in favor of the plaintiffs. The circuit court of Kanawha County having refused the application of the defendant, Commonwealth Life Insurance Company, for a writ of error, the application was granted in this court and now comes on for decision.

The record shows that on July 2, 1933, one J. C. Schwartz, a solicitor of business for the defendant, Commonwealth Life Insurance Company, took three applications for policies of life insurance each in the sum of $200.00 upon the children of Mr. and Mrs. Chittum, Lelia L., age seven, Gallia, age eleven, and Charles, age twelve. The applications were dated July 3, 1933. On the application of Gallia and Charles, the question "When last sick?" was answered "1930", and the question "Of what disease?" was answered "Mumps". On the application of Lelia, the answer to the one was "1932" and to the other, "Cold, fully recovered". A small premium was paid and accompanied the applications. When these applications reached the home office of the company, the policies on the lives of Gallia and Charles were issued in due course. That of Lelia was held up, and before the delivery of the policy upon her life, she was struck by an automobile on July 18, 1933, and died the following day. The purpose of this action is to hold the company responsible as for a tort in the amount of the policy that is claimed should have been issued on the life of Lelia, the plaintiffs contending that had it not been for the negligence of the defendant's agent in filling in the application forms, that a binding and valid policy would have been issued and delivered upon the life of the child prior to the date of her death.

This question in all of its material respects has been before this court heretofore in the case of *Thornton* v. *Order of Mechanics*, 110 W. Va. 412, 158 S. E. 507. In that case, the plaintiff was a member of the defendant's local council in the city of Huntington, and had, on December 6, 1927, been examined by its examining physician and on the following day made application for $1,000.00 through defendant's local insurance agent, pay-

ing the required premium. Instead of mailing the application to the chief examiner of the defendant, it was sent by the agent to one Dr. Junghams who received it on December 13th at Parkersburg, West Virginia, and who sent it to the chief examiner for defendant in Fort Worth, Texas. Plaintiff died on December 15th without the policy having been delivered. Plaintiff's administrator brought an action in tort to recover in the amount of the face of the policy because of the defendant's negligence in not forwarding the application promptly and directly to its chief examiner. There was a demurrer to the evidence upon which the court found for the plaintiff, and upon writ of error, the case was reversed. This court held that the personal representative could not sue because the estate of decedent had no interest, and, from a strictly technical construction of that opinion, it might be said that no other question was decided. However, the court reviewed the opinions of other courts in which it had been held that negligence actions lie against insurance companies under substantially the same facts as those there shown, and based upon substantially the same reasons as were contended for by the plaintiff. In the opinion, it is expressly stated: "The theory advocated by appellee is such an innovation on established insurance law that this court is not prepared now to accept it." That opinion is referred to for an exposition of the principles underlying the court's refusal to follow the theory that a tort action could be maintained against an insurance company for delay in issuing a policy. It is not thought necessary in this case to again review those reasons, but, basing our opinion upon what is therein set forth, the judgment now before us will be reversed, the verdict set aside and the case remanded.

*Reversed and remanded.*