## MARTIN TJEPKES v. STATE FARMERS MUTUAL INSURANCE COMPANY.[1]

February 23, 1935.

No. 30,157.

[1]Reported in 259 N. W. 2.

*Moonan & Moonan,* for appellant.

*H. J. Edison,* for respondent.

JULIUS J. OLSON, JUSTICE.

Appeal from an order striking certain portions of defendant's answer as sham and frivolous.

The action is one *ex delicto* to recover damages for defendant's alleged failure and neglect to act within a reasonable time upon an application of plaintiff for a policy of hail insurance. Plaintiff, a farmer residing in Olmsted county, on June 8, 1933, at the instance and request of an ágent of defendant, made application for hail insurance upon his crops during that season in the sum of $1,300, and executed and delivered to the agent a promissory note for the premium. He claims that defendant failed to reject or accept the application within a reasonable time and that he was not advised of the rejection thereof until July 3. On July 1 a hailstorm destroyed his crop. He avers that "if said defendant had exercised reasonable diligence in notifying plaintiff of the rejection of his said application for hail insurance, the plaintiff could and would have obtained full insurance against said loss, and that other hail insurance companies were ready and willing to so insure the plaintiff, and that the conduct of the defendant in failing to notify the plaintiff of its rejection of said application within reasonable time, was careless and negligent and that plaintiff's said loss proximately resulted from such negligence."

Defendant by answer made certain admissions, not necessary to note here, denied negligence, and also pleaded various other claimed defenses. Upon plaintiff's motion three paragraphs of the answer were stricken as sham and frivolous. It is from this order defendant appeals.

It is obvious that the complaint is founded upon tort. Plaintiff so asserts in his brief. On page 4 thereof he states: "Plaintiff does not allege any rights under any contract." In fact, his claim is that "no contract was ever made or any policy issued."

Defendant, for the first time and upon this appeal, contends that the complaint does not state a cause of action and that as such it may attack its sufficiency even where, as here, no such attack was made in the trial court. We thus have two questions for review: (1) Whether the complaint in fact states no cause of action; and (2) if that be so, is defendant in position where it may successfully urge the same here, not having done so below?

■ At the time the pleadings were framed and the order from which the pending appeal was made, this court had not passed upon or determined whether an action such as this would lie. The authorities were divided upon the subject, and this court had not announced its views. As a matter of fact, this particular issue was not presented to the trial court. In Schliep v. Commercial Cas. Ins. Co. 191 Minn. 479, 254 N. W. 618, opinion dated May 4, 1934, it was definitely held that an action *ex delicto* does not lie under circumstances such as we have here. It will not be necessary further to comment upon that case. We there definitely held and determined that there is no legal duty on the part of an insurance company to accept or reject an application for insurance and that mere delay on the part of the soliciting agent in forwarding the application to the office of the company where the same is to be acted upon does not give rise to an action *ex delicto*. It necessarily follows that if there was no tort liability under the circumstances stated in the Schliep case because of the alleged negligent act of the agent, the same rule must apply in respect of the alleged negligent act of the insurer. So it is obvious that the complaint does not state a cause of action, and we so hold.

■ The question next presented is necessarily limited to whether defendant is in position where it may take advantage of this defect here, having failed to do so below. It is generally held under our decisions that if a complaint does not state facts sufficient to constitute a cause of action such defects "may be raised for the first time on appeal." See 5 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 7732, and cases under note 82. This has been the rule ever since Stratton v. Allen, 7 Minn. 409 (502). The syllabus in that case reads:

"A defendant does not by answer waive the objection that the court has not jurisdiction of the subject matter, or that it does not state facts sufficient to constitute a cause of action."

There the complaint was held defective because there was no allegation that defendant was unlawfully in possession of the involved property, *i. e.* no allegation of demand and refusal to deliver the same to plaintiff. That being so, the court held the action was premature and the complaint, because of its failure to allege demand and refusal, failed to state a cause of action. While this is an exception to the general rule (that the supreme court will only consider questions already passed upon by the lower court), yet this court "undoubtedly has authority, by virtue of its general supervisory jurisdiction, to set aside a judgment which is not based on any actionable wrong." *Id.* and cases under note 84. That is exactly the situation here.

This is not a case such as Gleason v. Duluth Nest, Order of Owls, 183 Minn. 512, 237 N. W. 196, where a defect in the complaint "not challenged in the lower court" was held to be invulnerable on appeal because the question of liability in that case had been "voluntarily litigated." Further citation of cases is not necessary. The section cited from Dunnell's Digest and the cases therein referred to cover the ground.

It follows that the order must be reversed. In view of the fact that this question was first raised here, no statutory costs will be allowed to the prevailing party.

So ordered.