## Zayc v. John Hancock Mutual Life Ins. Co.

*Michael W. Huron*, and *Doty & Thornton*, for plaintiff. *Dale C. Jennings*, for defendant.

EGAN, J., June 28, 1937.—Defendant filed an affidavit of defense raising the question that no cause of action was shown after plaintiff had filed suit in trespass averring negligence on the part of defendant in failing to accept or refuse an application for life insurance in a reasonable time.

Plaintiff avers that on June 25, 1931, Jacob Zayc made an application to defendant for a 20-payment life insurance policy in the sum of $2,000 with double indemnity provision, and that he paid $4 as a deposit on the first

premium; that the company did not reject or refuse the application on or before August 24, 1931 (59 days later), on which date Jacob Zayc was accidentally killed; that it did not return or offer to return the $4 deposit prior to that date; and that this was contrary to the custom of accepting or rejecting such applications in a reasonable time; and that the applicant refrained from making any other application for insurance during this 59-day period, although interviewed by agents of other companies.

It appears that this question is raised in Pennsylvania for the first time. It has been decided that suit in assumpsit will not lie on an alleged oral contract of life insurance: Munhall v. Travelers Ins. Co., 300 Pa. 327. And in Ripka v. Mutual Fire Insurance Company of Annville, 36 Pa. Superior Ct. 517, 526, an action in assumpsit, the court said:

"No estoppel can arise either from the company's failure to act upon and formally reject the application, or from the failure of its soliciting agent to forward it to the company, *where, before either of these things can be done* the property is totally destroyed by fire and the soliciting agent immediately tenders to the applicant the policy fee he had paid." (Italics ours.)

An insurance company has the right to accept or reject any application made to it for insurance, but the question before us is whether a failure on the part of the company to act one way or the other during a period of 59 days, during which it holds the applicant's money paid on account of the premium, is so unreasonable as to constitute a breach of duty for which the applicant may sue in trespass.

This matter has been before the courts of other States on many occasions, and from an examination of these authorities we find that in some jurisdictions plaintiff may sue in trespass where the insurance company does not act within a reasonable time upon an application, while in other jurisdictions it is held that the matter is one of contract and that neglect to accept or refuse is not a viola-

·tion of any duty on the part of the insurance company. A majority of the cases have been decided in favor of plaintiff's right to sue in trespass. Among them are: Duffie v. Bankers' Life Association of Des Moines, Iowa, 160 Iowa 19 (1913) ; Boyer v. The State Farmers' Mutual Hail Ins. Co. et al., 86 Kan. 442 (1912) ; Wilken et al. v. Capital Fire Ins. Co., 99 Neb. 828 (1916) ; Johnson v. Farmers Ins. Co., 184 Iowa 630 (1918) ; Security Insurance Company of New Haven, Conn., v. Cameron et al., 85 Okla. 171 (1922) ; Fox, Admr., v. Volunteer State Life Ins. Co., 185 N. C. 121 (1923) ; DeFord v. New York Life Ins. Co., 75 Colo. 146 (1924) ; Dyer, Admx., v. Missouri State Life Ins. Co., 132 Wash. 378 (1925) ; Royal Neighbors of America v. Fortenberry, 214 Ala. 387 (1926) ; Strand, Admr., v. Bankers Life Ins. Co., 115 Neb. 357, 213 N. W. 349; Kukuska v. Home Mutual Hail-Tornado Ins. Co., 204 Wis. 166, 235 N. W. 403; Stark v. Pioneer Cas. Co., 139 Cal. App. 577, 34 P.(2d) 731 (1934).

On the other hand, a few cases hold to the second view that the matter is one belonging to the field of contract law, and that the bare making of an offer cannot afford a basis for any tort liability by reason of delay in accepting or rejecting the offer, or for the want of care in dealing with it. Among them are: Savage v. Prudential Life Insurance Company of America, 154 Miss. 89, 121 So. 487; Munger et al. v. Equitable Life Assurance Society of the United States, 2 F. Supp. 914; Swentusky v. Prudential Insurance Company of America, 116 Conn. 526 (1933) ; Schliep v. Commercial Cas. Ins. Co., 191 Minn. 479, 254 N. W. 618 (1934) ; Thornton, Admx., v. National Council, etc., 110 W. Va. 412; Metropolitan Life Ins. Co. v. Brady, 95 Ind. App. 564; Tjepkes v. State Farmers Mut. Ins. Co., 193 Minn. 505, 259 N. W. 2. Of these cases, Swentusky v. Prudential Insurance Company of America, supra, presents the several principles in a carefully reasoned opinion, but it is to be noted that at page 535 the court states:

"It is true that the receipt of the $5 by the agent to be applied upon account of the first premium on the policy, might impose certain obligations upon the insurer. This was a small sum, but in other like situations such a payment might be a large amount. The money was paid upon a definite understanding in which the parties joined; it was to be held by the insurer pending its decision whether to issue the policy or not; if it decided to issue the policy the money was to be applied toward the first premium; but if it declined the application the money was to be repaid to the applicant. The money so paid could not become the property of the insurer until the policy was issued. The insurer held it in a fiduciary capacity, somewhat analogous to that in which a bank holds a special deposit. 1 Perry, Trusts (7th Ed.) §122. *Certainly the insurer cannot hold that money indefinitely;* and as the assertion of ownership of the money by the insurer and the issuance of the policy on the one hand, or the return of the money and the rejection of the application on the other, are inextricably joined by the express intent of the parties, *it might be that there would be an obligation upon the insurer in such a case to act upon the application within a reasonable time.*" (Italics ours.)

The trial court did not apply this quoted principle for the reason that the pleadings were not adapted for relief on that basis, and also because the court found that defendant had acted upon the application in a reasonable time. In the statement of claim now under examination the withholding of the money by the company is pleaded by plaintiff. Therefore, it is apparent that in this Connecticut case the court leans to the theory that a retention of the applicant's money for an unreasonable length of time without action by the company might subject the company to liability for neglect.

We have examined a complete note on the subject in 75 U. of Penna. Law Rev. 207, which reviews all of the cases decided to the year 1927, and we are in accord with the writer's view that where the insurer has received part

of the premium at the time an application is made it would be offensive to all theories of justice to allow the insurer to benefit as the result of any carelessness which may have injured the applicant. Where recovery is allowed, the action is properly brought by the legal representative of the applicant's estate: Veser v. The Guardian Life Insurance Company of America, 44 Ohio App. 293, 296; Forck v. Prudential Insurance Company of America, 228 Mo. App. 316, 66 S. W. (2d) 983.

Irrespective of whether a contract is completed, it is the duty of an insurance company to act without unreasonable and negligent delay upon an application for insurance where part of the premium has been paid to the company at the time the application is made. In this pioneering case in our State, we are of the opinion that plaintiff's statement of claim presents a good cause of action in trespass which entitled him to have the case tried on its merits, so that the question of law will be decided against defendant, and it will be directed to file an answer to the facts averred.