## JEKUBOW v PRUDENTIAL INS CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16626. Decided Jan 16, 1939

S. Eldridge Sampliner, Cleveland, for appellant.

McKeehan, Merrick, Arter & Stewart, Cleveland, for appellee.

STEVENS, PJ, WASHBURN and DOYLE, JJ, (9th Dist) sitting by designation.

### OPINION

By STEVENS, PJ.

This cause is before this court as an appeal on questions of law.

Plaintiff as the administrator of the estate of George Menko, by his petition sought to recover against defendant, the Prudential Insurance Company of America, upon a

cause of action sounding in tort. It was alleged as a basis for recovery that the defendant was negligent in failing within a reasonable time to accept or reject Menko's application for life insurance, made to defendant's agent some five weeks prior to Menko's death. An express disclaimer of any right to recover upon contract is made by plaintiff.

After the receipt of the decedent's application for insurance, the record discloses that decedent was examined by the defendant insurance company's medical examiner and his findings forwarded to the company, whereupon a demand for further medical findings was made by the company, and, while the defendant company was still investigating the insurability of the applicant, the applicant was taken sick and died of myocardial failure and pneumonia. The decedent's application was neither accepted nor rejected prior to his death, and after his death a tender of the premium deposited by him with the application was made to the plaintiff, and later said sum of $3.10 was paid into court.

The case was submitted to the trial court upon an agreed statement of facts; and that court, upon motion of the defendant, entered judgment for the plaintiff for $3.10—the amount of the premium deposit.

While the question presented—namely, the right of the administrator to recover in tort for the alleged negligence of an insurance company in failing to act promptly upon an application for insurance submitted to it—is novel in Ohio, there are two distinct and divergent lines of authority in the United States upon that question.

The leading case, and perhaps the first, holding that a right of recovery does exist in such a situation as is here presented was the case of Duffie v Bankers' Life Assn., 160 Iowa 19. That case was in whole or in part followed by Kukuska v Home Mutual H.-T. Co., 204 Wis. 166; Carter et, etc., v Manhattan Life Ins. Co., 11 Hawaii 69; Strand, Admr. v Bankers Life Ins. Co., 115 Neb. 357; DeFord, Armr., v New York Life Ins. Co., 75 Colo. 146; Columbian Nat. Life Ins. Co. v Lemmons, Admr., 96 Okla. 228.

The later, and what to us appears to be the better reasoned cases, almost uniformly hold against any right of recovery; and there is one case which for clarity of reasoning and sound application of legal principles stands as a beacon light for all of the other cases which follow it. That is the case of Munger v Equitable Life Assur. Soc., (1933), 2 Fed. Supp. 914. In that case the several grounds furnishing the bases for the conclusions reached by those courts holding for a recovery, under such facts as are here under consideration, were examined, discredited and discarded.

That case came before the District Court upon a demurrer to the petition, and the petition contained allegations substantially like those in the petition under consideration. The court there stated that there was no legal basis for recovery, on a claim predicated upon negligence under such facts as were presented by the petition therein, for the reason that there was no duty owing from the defendant company to the decedent, violation of which proximately gave rise to a claim for damages by decedent's personal representative. Further, that such claim, assuming that it did exist, was not one which survived to the personal representative of the decedent.

It seems to the members of this court that the conclusions reached by Judge Otis in the Munger case, supra, and the reasons advanced in support thereof, are equally applicable to the facts presented by the record in the instant case. Other cases reaching a like conclusion are:

Thornton v Natl. Council Jr. Order, 110 W. Va. 412, 158 SE 507.

Chittum v Commonwealth Life Ins. Co., 115 W. Va. 760, 177 SE 782.

Swentusky v Prudential Ins. Co., 116 Conn. 526, 165 Atl. 686.

Savage v Prudential Life Ins. Co., 154 Miss. 89, 121 So. 487.

Schliep v Commercial Casualty Ins. Co., 191 Minn. 479, 254 NW 618.

Tjepkes v State Farmers' Mut. Ins. Co., 193 Minn. 505, 259 NW 2.

American Life Ins Co. v Nabors, 124 Tex. 221, 76 SW (2d) 479.

The law governing this situation, as we understand it to be, and as announced by what we consider to be the preferable line of authorities, is that there is no duty resting upon an insurance company to accept or reject an application for insurance. Such application presents a mere offer by the applicant for insurance, and until the offer is accepted by the insurance company, and thereby transformed into a contract, no duty is owing from the insurance company to the applicant.

Assuming, however, that there was a duty owed to decedent by the defendant company, and that defendant failed to perform that duty, under the record presented in this case there is no evidence showing any damage proximately resulting from such failure, and therefore no right of recovery in plaintiff, if plaintiff had a right to maintain the action at all.

It is also well to note that the applicant provided for one other than plaintiff as beneficiary under any policy which might issue in response to decedent's application.

We are further of the opinion that, assuming that a cause of action did arise, it is not such a cause of action as survived to the personal representative of the decedent under §11235, GC.

The judgment of the trial court will be affirmed.

WASHBURN and DOYLE, JJ, concur.