[Civ. No. 12957.   Second Appellate District, Division One.—February 13, 1941.]

In the Matter of the Estate of GEORGE FURTSCH, Deceased.   GEORGE J. FURTSCH, as Executor, etc., Appellant, v. MARY W. FURTSCH, Respondent.

Daniel A. Knapp for Appellant.

David Berniker for Respondent.

DESMOND, J., *pro tem.*—This is an appeal from an order in probate by which the court set apart, for the benefit of the widow of George Furtsch, and as a homestead, certain real property mentioned in the inventory of decedent's estate.

Appellant claims that Mrs. Furtsch's petition did not contain facts constituting a legally sufficient application for a declared homestead within section 660 of the Probate Code. He also claims inconsistencies in the findings of fact, and further, that the conclusions of law and resultant order are not sustained by the findings.

The appeal comes before us upon the judgment roll alone. The rules governing such a situation were set forth quite recently in *Chow* v. *City of Santa Barbara*, 217 Cal. 673, 680 [22 Pac. (2d) 5], where the following appears: ''On such an appeal the power of the reviewing court is necessarily restricted. In such case 'the findings are conclusively presumed to be supported by the evidence; furthermore it is elementary that they are to receive, if possible, such a construction as will uphold rather than defeat the judgment thereon; they are to be liberally construed and, if possible, any ambiguity or inconsistency will be resolved in favor of sustaining the judgment'. . . . The judgment may be reversed only upon some fatal error appearing on the face of the judgment-roll. . . . On appeal on the judgment-roll alone every presumption and intendment is resolved in favor of the regularity of the proceedings in the trial court. . . . A

finding capable of two reasonable constructions must be interpreted according to the one that sustains the judgment, and a finding must be given such a construction, if a reasonable one, as will support the judgment.'' Authorities for the foregoing rules appear in the cited case.

With these limitations upon our powers of review, and considering the grounds of appeal set forth, we have examined the petition, the findings, the conclusions of law, and the order based thereon, with the result that in our opinion the order should stand affirmed.

The petition, with its annexed copy of a declared homestead, we find presented sufficient facts for the consideration of the trial court.

It appears from the findings in this case that the petitioner, Mary W. Furtsch, and the decedent, George Furtsch, were married in Los Angeles County on July 15, 1919; that they lived together continuously thereafter, as husband and wife, until the death of George Furtsch on June 13, 1938; that a declaration of homestead upon Lot 71 of the Wiesendanger Tract was recorded October 2, 1934, in the records of Los Angeles County, during the marriage of the parties and while they were residing upon the property. It was further found ''that said real property was first viewed by the petitioner and the decedent shortly before June 27, 1919, and the parties at that time agreed that the said real property was desirable for community purposes, and that they would each contribute their separate funds toward the purchase of the property. That the grant deed to the property bears the date June 27, 1919. That said deed was recorded August 6, 1919. That the recorded instrument was mailed to the deceased from the office of the County Recorder of Los Angeles County on August 13, 1919. That the said real property was occupied as a homestead by the decedent and his family, the petitioner herein, at the time of his death.''

As a conclusion of law the court found that the property ''is community property of George Furtsch, deceased, and Mary W. Furtsch, the petitioner herein'', and further, ''That the Declaration of Homestead recorded in Book 12944, page 328, Official Records of Los Angeles County, is a valid Declaration of Homestead and covers all of the property. That an order to set apart the said real property as a homestead to Mary W. Furtsch, widow of decedent and petitioner herein, should be granted.''

The order setting apart the homestead recited ''that said real property was, and is, the community property of said George Furtsch, deceased, and Mary W. Furtsch, his widow, having been acquired by them at the time of their marriage; . . . It is Therefore Ordered that said real property . . . be, and the same is hereby set apart to the exclusive use and benefit of the widow of deceased, to-wit: Mary W. Furtsch.''

In a rather exhaustive discussion of phrases used in the different documents appearing in this record, appellant indicates that various inconsistencies exist in the findings and conclusions that are incapable of reconciliation by means of an order. Appellant does not specifically state that a fatal error appears on the face of the judgment roll, but apparently that is his contention. He argues that the language of the instruments quoted precluded a determination by the trial court that the real estate in question was community property, calling attention to the statement in paragraph III of the findings that shortly before June 27, 1919, the parties, being then unmarried, agreed that the real property was desirable for community purposes and that they would each contribute their *separate* funds toward the purchase of the property. He then notes that the order by which the homestead was set apart refers to the community property as ''having been acquired by them at the time of their marriage,'' and contends that, since the petition itself recited that the real property ''*had* been acquired by them at the time of their marriage'', the language used in the order, ''having been acquired by them at the time of their marriage,'' means in effect that the property had been acquired by the parties before marriage.

In the light of the rules which we have noted, this seems a strained construction. The record shows that the marriage took place on July 15, 1919, which was eighteen days after the date of the deed, but which was also twenty-two days before it was recorded. Of course, the parties could not have been owners of community property before marriage, and there is no finding that they were, but there was a finding that they agreed at that time, namely, before marriage, that the property in question ''was desirable for community purposes.'' The trial court having oral and documentary evidence before it was in position to determine whether the circumstances surrounding the purchase and holding of the real

estate warranted the conclusion that it was community property.

It will be conceded that the phrase, "at the time of their marriage," is not as specific as "at the date of their marriage" would have been. Still, looking back twenty years, the period during which the parties had held the property, one could say, using a general term and without regard to an exact date, that it was in fact acquired "at the time of their marriage." This we conceive to be such liberal construction of findings as the rules enjoin upon us. ■ We have never seen a copy of the deed, do not know its form or contents, nor do we know why it was withheld from record for more than a month, but we are bound to assume, under the rules governing our review, that sufficient evidence was adduced to satisfy the court that the agreement between Mr. and Mrs. Furtsch that the real estate was desirable for community purposes ripened into a completed transaction that made it community property. ■ Husbands and wives had a definite legal right in 1919, as they have today, to contract with each other concerning their personal interests in property, and as is stated in *Vieux* v. *Vieux*, 80 Cal. App. 222, at page 226 [251 Pac. 640], "The authorities are in accord that by agreement between husband and wife the status of any property owned by them may be changed from separate to community and *vice versa.*"

The order is affirmed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 3, 1941.