[Civ. No. 7667. First Appellate District, Division One.—May 2, 1931.]

MODERN WOODMEN OF AMERICA (a Corporation), Plaintiff, v. ERNEST G. GRAY et al., Defendants and Appellants; NETTIE M. GRAY, Defendant and Appellant.

L. G. Shelton for Defendant and Appellant Nettie M. Gray.

E. T. Schoff for other Defendants and Appellants.

DOOLING, J., *pro tem.*—On February 26, 1898, plaintiff herein issued to Arthur M. Gray, a certain benefit life insurance certificate in the sum of $2,000, payable to his then wife as beneficiary. On July 17, 1918, upon proof that the prior certificate was lost or destroyed, plaintiff issued to said Arthur M. Gray a substitute certificate payable in the sum of $1,000 each to his son Ernest G. Gray and his daughter Bertha M. Gray, now Bertha M. Neil. On March 19, 1921, the insured indorsed upon said certificate a request for change of beneficiaries to Bertha M. Neil, daughter, and Nettie M. Cartzdefner, described in said request as "friend". No formal action was ever taken by plaintiff upon this request. On October 13, 1923, the insured and said Nettie M. Cartzdefner were married. After this marriage four quarterly premiums were paid to plaintiff from the community property of insured and his wife, Nettie M. (Cartzdefner) Gray and on September 16, 1924, the insured died. Conflicting claims under the certificate of insurance were made by the son and daughter on the one hand and the widow on the other; and the plaintiff interpleaded them and paid the $2,000 into court. From the judgment awarding $1,000 to the widow, Nettie M. Gray, and $500 to each of the children, all parties appeal.

Appellant Nettie M. Gray, the widow, urges that since the certificate is what is described as a renewable, lapsable policy, i. e., one in which the failure to pay any one premium *ipso facto* totally avoids the policy, the payment of each quarterly premium from community property constituted in effect a new contract of insurance and hence

that the entire proceeds of the policy were purchased with community funds and constitute community property.

That the policy under the by-laws of plaintiff society would become absolutely void upon the failure to pay any premium seems clear (*Valentine* v. *Head Camp*, 180 Cal. 192 [3 A. L. R. 380, 180 Pac. 2]), but it does not follow that the payment of each premium amounted in effect to the making of a new contract of insurance. The by-laws under which the certificate of insurance was issued limit persons who may be insured to the ages between sixteen and fifty years and require the passage by the applicant of a satisfactory physical examination. In 1898 the insured's application for insurance shows his age to have been at that time between forty-two and forty-three years. He was, in 1923, over fifty years of age and it was only by virtue of his having obtained the certificate of insurance prior to his marriage to appellant Nettie M. Gray and his having regularly paid the premiums thereon in the meantime, that he was entitled to continue to enjoy the protection afforded by the certificate. While the right of his beneficiaries to receive the proceeds of the policy was dependent upon his continuing to pay the accruing premiums thereon, nevertheless he had acquired the right to have the contract of insurance continued in force by virtue of the payment of premiums from its issuance to him in 1898 until the date of his second marriage in 1923. This was a valuable right in the eyes of the law and it would be unreasonable to hold that the payment of the premiums after 1923 from community funds would convert the entire proceeds of the certificate of insurance into community property.

Appellant Nettie M. Gray further claims that the attempt to name her as a beneficiary in 1921 at least entitled her to the $1,000 which was awarded her. The by-laws of plaintiff society provide that benefit certificates shall be made payable only to the wife, relative by blood to the fourth degree, children by legal adoption, parents by legal adoption, a person dependent on the member, or a member of his family. It is neither pleaded nor proved that in 1921 when the insured sought to have Nettie M. Cartzdefner made a beneficiary she stood in any of these designated relations to him, nor is there any proof that after their marriage the insured ever made any application to have her

named as beneficiary. The by-laws provide a detailed mode to be followed in making a change of beneficiary. While it is true that where the insured has done all that is required of him to effect a change of beneficiary, a court of equity will treat the change as made (19 Cal. Jur., pp. 496, 497), that rule cannot have application to a case such as this where nothing has been done to effect the change after the beneficiary has become qualified under the rules of the society. The mode provided for the change of beneficiary must be followed as far, at least, as it lies in the power of the insured to do so. (*Supreme Lodge* v. *Price*, 27 Cal. App. 607 [150 Pac. 803].)

This is a complete answer, also, to appellant Nettie M. Gray's claim that by contract between herself and the insured the proceeds of the policy had been made community property, in view of the by-laws of plaintiff that any agreement entered into by the member by the terms of which he attempts to assign the benefits or any portion thereof to any other person than the beneficiary designated in the certificate shall be absolutely void.

Appellants Ernest G. Gray and Bertha M. Neil take the position that since the beneficiary can only be changed in the manner provided in the by-laws, the widow is entitled to nothing. In so far as her rights are dependent upon the fact that community funds were used to pay the last four premiums this contention is unsound. It is settled since the decision of this court in *New York Life Ins. Co.* v. *Bank of Italy*, 60 Cal. App. 602 [214 Pac. 61], that the husband cannot make a gift of community property by using it to pay premiums upon life insurance, payable to someone other than his wife. This court said in that case at page 606: "The chose in action represented by the policy belonged to the community because of the fact that community funds had been paid as the consideration for its acquisition." In that case all the premiums were paid from the community property and hence the entire proceeds of the policy were held to be community property.

Where, as here, the life insurance is paid for partly with community and partly with separate funds the proceeds of the policy should in our judgment be apportioned in the same ratio that the amount of such community funds paid for premiums bears to the amount of separate funds paid

for such purpose. This is the rule applied to tangible property purchased partly with community and partly with separate funds (*Vieux* v. *Vieux,* 80 Cal. App. 222, 229 [251 Pac. 640]) and in *In re Webb,* Myr. Prob. 93, cited with approval by this court in *New York Life Ins. Co.* v. *Bank of Italy, supra,* where a decedent paid the first one-third of the amount of premiums on a policy of insurance from his earnings before marriage, and the remainder from those made subsequent to marriage, it was held that one-third of the proceeds of the policy belonged to his separate estate and two-thirds belonged to the community. We are satisfied that this is the proper rule.

One other matter should be spoken of. All of the premiums from community property were paid since the 1923 amendment to section 1401 of the Civil Code. There being no attempt by the insured to dispose of it otherwise by will, the entire portion of the $2,000 which is community property should accordingly go to the widow, Nettie M. Gray.

Unfortunately there was no proof made on the trial of the amount paid in premiums by the insured from the inception of the policy in 1898 to the time of the insured's last marriage in 1923. Accordingly the case will have to be retried.

The judgment is reversed with directions to the trial court to ascertain the amount paid in premiums to plaintiff for this insurance prior to October 13, 1923, the date of the insured's last marriage, and the amount since paid from community funds and to divide the $2,000 into separate and community property in the same proportion that such amounts so paid bear to one another; that portion which is so determined to be separate property to be divided equally between the beneficiaries Ernest G. Gray and Bertha M. Neil, and that portion which is determined to be community property to be awarded to the widow Nettie M. Gray, each party to bear his own costs on appeal.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 1, 1931.