[Civ. No. 9886. Second Appellate District, Division One.—January 30, 1936.]

HELEN ST. JOHN McBRIDE, Appellant, v. OPAL A. McBRIDE, Respondent.

Burke, Hickson, Burke & Marshall and Daniel G. Marshall for Appellant.

George L. Flagg for Respondent.

SHINN, J., *pro tem.*—Appeal from a judgment of the Superior Court of Los Angeles County in an action to recover proceeds of an insurance policy as community property.

The following facts are established by the findings:

While plaintiff was the wife of George Thomas McBride there were paid from their community funds to Navy Mutual Aid Association insurance premiums in the sum of $500.74, upon a policy of insurance in the amount of $7,700, payable to the beneficiary in the event of the death of George Thomas McBride. These premiums were paid between 1926 and 1931, while the husband and wife were domiciled in the state of California. The original beneficiaries were plaintiff and the two minor children of herself and husband, but about a year after the policy was issued plaintiff became the sole beneficiary. On October 14, 1930, plaintiff obtained an interlocutory decree of divorce from her husband, and a final decree on October 15, 1931. No disposition was made in the divorce action of any benefit to be derived from the certificate of membership in the association.

On October 17, 1931, George Thomas McBride married the defendant. On September 30, 1931, without the consent of plaintiff, defendant was made beneficiary in the certificate of insurance. Following his marriage to defendant the insured paid additional premiums in the amount of $31.56. Upon his death there was paid to defendant, as beneficiary, the sum of $7,694.10. Plaintiff sues for the sum of $3,618.95, which is one-half of the share of the insurance paid for with the community funds of plaintiff and the insured. Judgment was given in favor of the defendant, and plaintiff appeals.

▆ When the final decree of divorce was granted to plaintiff, which did not adjudicate the rights of the parties in, or make any disposition of the interests of, the community, in benefits created by the certificate, plaintiff became the owner of one-half of such community interest as a tenant in common with her former husband. (*Estate of Brix,* 181 Cal. 667 [186 Pac. 135] ; *Tarien* v. *Katz,* 216 Cal. 554 [15 Pac. (2d) 493, 85 A. L. R. 334].)

Respondent advances, as reasons for affirmance of the judgment, the following : 1. That the insured had a right to name a second beneficiary without the consent of the first one; 2. That the beneficiary under such circumstances had no indefeasible rights to the proceeds of the policy, but only rights which might be defeated by the substitution of a new beneficiary; 3. That the contract of insurance had successive terms of existence, each consisting of a single year or assessment period, and that, therefore, a contract existed during each period in which assessments were paid, wholly unrelated to former contract periods. From these premises respondent argues that plaintiff had no interest in the proceeds of the insurance purchased and paid for during the assessment period in which the insured died, and, therefore, that the judgment properly denied plaintiff any part of such insurance.

Under the by-laws of the association the insured had the right to name defendant as beneficiary without the consent of plaintiff. Plaintiff had no right to recover upon the certificate of insurance as a beneficiary thereunder. These facts are admitted by respondent. But plaintiff does not seek to recover as a beneficiary. Her claims are based upon the fact that the membership was maintained from 1926 to 1931 by the use of community funds of herself and her husband, and she sues for her community interest in the benefits which these funds purchased.

▆ It is well settled law of this state that a policy of insurance issued upon the life of a husband, after coverture, premiums upon which are paid from community funds, is a community asset; that if the right is given to the insured to, and he does, change the beneficiary, without the latter's consent, his act in so doing constitutes a gift to the new beneficiary to the extent of the husband's community interest in the policy, but the husband cannot in this manner, with-

out the consent of the wife, bestow upon the new beneficiary the community interest of the wife. (*New York Life Ins. Co.* v. *Bank of Italy,* 60 Cal. App. 602 [214 Pac. 61]; *Estate of Castagnola,* 68 Cal. App. 732 [230 Pac. 188]; *Union Mutual Life Ins. Co.* v. *Broderick,* 196 Cal. 497 [238 Pac. 1034].) The substitution of defendant, as beneficiary, therefore, was effective as a gift of the husband's interest in the insurance represented by the membership certificate, but it did not divest the wife of her community interest therein.

 Defendant further argues that because the husband had a right to change the beneficiary, without the latter's consent, all rights of the latter terminated when such change was made as fully as though the contract had been canceled. It is also argued that because the insurer was a so-called assessment company, each new premium payment initiated a new policy of insurance. There is no merit in these contentions. The contrary was expressly declared in *New York Life Ins. Co.* v. *Bank of Italy, supra,* and in *Modern Woodmen of America* v. *Gray,* 113 Cal. App. 729 [299 Pac. 754]. In the latter case the facts were that the insured paid the premiums upon an insurance certificate from 1898 until 1923, when he married. Thereafter there were paid from community funds four quarterly premiums. Upon the death of the insured the wife claimed the entire proceeds as community property, under the same theories respondent advances here. In denying the claim of the wife the court said: "While the right of his beneficiaries to receive the proceeds of the policy was dependent upon his continuing to pay the accruing premiums thereon, nevertheless he had acquired the right to have the contract of insurance continued in force by virtue of the payment of premiums from its issuance to him in 1898 until the date of his second marriage in 1923. This was a valuable right in the eyes of the law, and it would be unreasonable to hold that the payment of the premiums after 1923 from community funds would convert the entire proceeds of the certificate of insurance into community property." Accordingly the community share was determined to be only such proportion of the proceeds of the policy as the funds of the community paid for.

The share of the insurance to which plaintiff is entitled should have been computed and awarded to her on the same basis. 500.74/532.30ths of $7,694.10 amounts to $7,237.91, of

which plaintiff was entitled to one-half, on account of her community interest therein, or $3,618.95. Defendant, having collected all of the insurance, is indebted to plaintiff for her share thereof. The findings, therefore, do not support the judgment in defendant's favor.

The judgment is reversed, with directions to enter judgment in favor of plaintiff and against defendant for the sum of $3,618.95, and costs of suit.

York, Acting P. J., and Doran, J., concurred.