[Civ. No. 16436. Second Dist., Div. One. Oct. 8, 1948.]

WALLACE A. GETTMAN, Plaintiff and Respondent, v. CITY OF LOS ANGELES DEPARTMENT OF WATER AND POWER, Defendant and Respondent; LOIS GETTMAN, Individually and as Administratrix, etc., Appellant.

Olof G. Hoegstedt and John J. Craig for Appellant.

Emmet A. Tompkins for Plaintiff and Respondent.

Ray L. Chesebro, City Attorney, Everard L. McMurrin, Deputy City Attorney, and Gillmore Tillman, Chief Assistant Attorney for Department of Water and Power, for Defendant and Respondent.

DORAN, J.—This appeal involves certain proceeds payable upon the death of Ernest L. Gettman, an employee of the Los Angeles Department of Water and Power, under the provisions of what is referred to as the Water and Power Employees' Retirement Plan. Claiming the entire amount due under an employees' death benefit fund and retirement fund, to which the deceased employee had contributed, are the plaintiff, Wallace A. Gettman, decedent's son by a first marriage,

denominated by the decedent as beneficiary; and the defendant and cross-complainant Lois Gettman, a second wife of the employee, Ernest L. Gettman, deceased. The trial court rendered judgment giving to the named beneficiary, Wallace A. Gettman, the entire proceeds of these funds. Appellant's motions for a new trial and to set aside the judgment and enter a new and different judgment were denied.

The following statement of facts is based upon the pleadings and stipulations. On August 10, 1938, Ernest L. Gettman "became a member of the Water and Power Employees' Retirement plan, naming Eunice S. Gettman, his then wife, as beneficiary. Eunice S. Gettman died prior to March 8, 1939." On March 8, 1939, Mr. Gettman changed the named beneficiary to Wallace A. Gettman, decedent's son, respondent herein. On March 11, 1944, Ernest L. Gettman married a second wife, Lois Gettman, appellant; and on May 30, 1946, Gettman died intestate, leaving the widow Lois Gettman, Wallace A. Gettman, adult son by the first marriage, and Wendla Gettman, a 2-year-old daughter by decedent's second marriage. Lois Gettman was duly appointed administratrix, and both the widow and the son filed claims to the proceeds due under the above-mentioned retirement plan.

It was further stipulated that the death benefit involved herein amounts to $2,750; that the total amount paid by decedent into the death benefit fund was $71.55, of which amount 72.83 per cent was paid previous to decedent's marriage to appellant Lois Gettman, and 27.17 per cent was paid after said marriage. According to the stipulation, "payments into the Retirement Fund are separate and distinct from the payments into the Death Benefit Fund and are payable to the member upon either his retirement or his leaving the employ of the Department of Water & Power of the City of Los Angeles. That the payments into the Retirement Fund in the event of death prior to retirement, in effect, represent an account of the member and that interest is paid thereon."

The trial court found that the total amount paid into the retirement fund, including interest, to the date of Gettman's death was $914.10; 57.46 per cent of Gettman's contributions thereto were made prior to the second marriage of March 11, 1944, and 42.54 per cent after said marriage. As hereinbefore indicated, the trial court concluded that the son and named beneficiary, "is entitled to the sum of $3,664.10 (the total amount) due from the Department," and gave judgment accordingly.

It is argued in appellant's brief that, (1) "The Conclusions of Law and Judgment are not supported by the evidence and the Findings of Fact"; (2) that Lois Gettman, as administratrix, is entitled to that portion of the retirement fund which was contributed to out of Gettman's earnings, with interest, namely $525.29, "which was the separate property of Ernest L. Gettman prior to his marriage to Lois Gettman . . . "; (3) "That the widow, Lois Gettman, is entitled to that portion of the Retirement Fund which was contributed to out of (Gettman's) salary or earnings," with interest, namely $388.51, "which was the community property of Ernest L. Gettman and Lois Gettman during their marriage"; and (4) that the widow is entitled to the entire death benefit fund of $2,750 "inasmuch as the last contribution for said Death Benefit was paid out of the salary or earnings of Ernest L. Gettman" during said marriage, "and which contribution paid for a specified period of future protection and the amount collectible under said Death Benefit was fixed and determined by the rate of earnings of Ernest L. Gettman immediately prior to his death."

The respondent Wallace A. Gettman, decedent's son and named beneficiary, contends that if the court "awarded Lois Gettman any of the funds due . . . under the Retirement Fund, the court would be making a new contract for the deceased," and that such holding "would overrule the provisions of the Retirement system . . . that the employee may designate his beneficiary," which designation was made in this case.

Still another view is presented in a brief filed by the respondent Los Angeles Department of Water and Power. After a discussion of the provisions and purposes of the retirement plan, and the law in reference to community property, the department brief attacks the trial court's finding that the entire sum payable "was and is the separate property of the deceased, Ernest L. Gettman." It is there pointed out that "the record shows without conflict that the contributions with which the death benefits were purchased were deducted from the earnings of the decedent and paid into the Retirement Fund and Death Benefit Fund both before and after his marriage to Lois Gettman. Therefore the payment of all such contributions prior to said marriage constituted an investment of separate property, and the payment of all such contributions subsequent to said marriage represented an investment of community assets." On this theory

the widow, Lois Gettman, as survivor of the community, would be entitled to one-half of that portion of the benefits which were purchased with community funds, the balance being payable to Wallace A. Gettman, decedent's named beneficiary. The exact result of this computation is that the widow should receive $373.59 from the death benefit fund, and $194.43 from the retirement fund, or a total of $568.02, with the balance payable to Wallace A. Gettman. The department's theory is, of course unacceptable to either the widow, appellant herein, or to the son, Wallace A. Gettman, respondent.

■ Under the existing law of community property and the decisions concerning proceeds from insurance purchased with community and separate money, the judgment of the trial court giving the entire death and retirement funds to the named beneficiary must be reversed. The stipulated facts concerning contributions to these funds require an equitable division thereof in accordance with the theory set forth in the brief of the Department of Water and Power to which reference has heretofore been made. In this connection it may be mentioned that the department has no possible interest in the disposition of the amount payable other than securing the protection resulting from a judicial determination in respect to rights of the rival claimants.

The appellant's contention that since the last month of protection was purchased with community money the entire amount payable from the death benefit fund constitutes community assets which would pass to the widow, is clearly untenable. In *Modern Woodmen of America* v. *Gray,* 113 Cal.App. 729, 733 [299 P. 754], the insured had paid premiums from 1898 to 1923, naming a first wife as beneficiary. Later there was a change of beneficiary as in the instant case, and a second marriage during which four quarterly premiums were paid from community funds. Upon the insured's death, the second wife, as in the present case, claimed the entire proceeds upon theories similar to those here advanced. The court there said: "Where as here, the life insurance is paid for partly with community and partly with separate funds the proceeds of the policy should in our judgment be apportioned in the same ratio that the amount of such community funds paid for premiums bears to the amount of separate funds paid for such purpose. This is the rule applied to tangible property purchased partly with community and partly with separate funds," citing *Vieux* v.

*Vieux,* 80 Cal.App. 222, 229 [251 P. 640], and other cases. And in *McBride* v. *McBride,* 11 Cal.App.2d 521, 524 [54 P.2d 480], the additional observation was made: "It is also argued that because the insurer was a so-called assessment company, each new premium payment initiated a new policy of insurance. There is no merit in these contentions."

The appellant's brief seeks to escape the consequence of the above holdings by the claim that "The Death Benefit . . . . is not an insurance policy in that Ernest L. Gettman had no control over his contributions into said fund; he had no control over the amount payable upon his death inasmuch as such amount was based upon the compensation received by him immediately prior to his death; he had no loan value or privileges connected therewith." But, by whatever name the benefit in question may be called, the analogy is clear and unassailable. Since both community and separate funds went into the creation of the benefit, no equitable division is possible other than that sanctioned in the decisions mentioned.

The case of *Cheney* v. *City and County of San Francisco Emp. R. System,* 7 Cal.2d 565, 569 [61 P.2d 754], has been cited by all parties to this appeal in support of the several arguments. The Cheney case, however, involved factual elements not here present, namely a prenuptial agreement, and an interlocutory decree of divorce. But the retirement fund with which that case was concerned was not dissimilar to the one here under discussion, and the reviewing court there said: "We are perforce committed to the view that the amount payable from the employees retirement system upon the husband's death represented earnings. As such it was community property unless the agreement executed by the husband and wife providing otherwise was still in force." Since the agreement providing that "earnings" of each party should be deemed separate property of that party, was still in force, the husband's nominated beneficiary was held entitled to the entire fund,—the husband's separate property by virtue of the agreement. There is nothing in the Cheney case nor in any other decision cited, contrary to the view hereinbefore expressed.

The judgment of trial court is reversed with directions to enter a judgment in favor of the appellant Lois Gettman in the total sum of $568.02, representing $373.59 from the death benefit fund and $194.43 from the retirement

fund; and in favor of respondent Wallace A. Gettman in the total sum of $3,096.08, representing $2,376.41 as the balance from said death benefit fund, and $719.67 as the balance from said retirement fund.

York, P. J., and White, J., concurred.

Opinion and judgment were modified to read as above on October 18, 1948.