[Civ. No. 15409.   First Dist., Div. Two.   June 4, 1953.]

ALEXANDER FORBES, Respondent, v. BEULAH
FORBES, Appellant.

Henry B. Nathan for Appellant.

William Klein and James A. Himmel for Respondent.

DOOLING, J.—Defendant and cross-complainant Beulah
Forbes was granted an interlocutory decree of divorce on
the ground of extreme cruelty. She has appealed from certain

portions of the decree only insofar as they settled some of the property rights of the parties. For convenience of statement the respective parties will be referred to hereafter as the husband and the wife.

The husband has legal title to an apartment house referred to in the briefs as the Scott Street property. This was acquired by the husband prior to the marriage of the parties and the purchase price was partly paid by him before marriage. After the marriage the balance of the payments on the purchase price of this property were made partly from funds which were determined to be the community property of the parties and partly from an account in which community and separate funds had been commingled. The trial court decreed that the Scott Street property "is the separate property of Alexander V. Forbes, the plaintiff and cross-defendant herein. . . . Provided, however, that Alexander V. Forbes . . . is to pay to the defendant and cross-plaintiff the sum of $2209.55 as her interest in the said described real property."

The court ruled that the value of the Scott Street property was immaterial and its value was not found.

■ Contrary to the rule adopted in most community property states, under which the community has only the right of reimbursement for payments made with community funds on the purchase price of property purchased by one spouse before marriage (1 de Funiak, Principles of Community Property, § 64, pp. 153-154; McKay, Community Property, 2d ed., § 535, pp. 361-362), the rule developed through the decisions in California gives to the community a pro tanto community property interest in such property in the ratio that the payments on the purchase price with community funds bear to the payments made with separate funds (*Vieux v. Vieux*, 80 Cal.App. 222 [251 P. 640]; *Maskuns v. Maskuns*, 93 Cal.App. 27 [268 P. 1093]; *Estate of Caswell*, 105 Cal.App. 475 [288 P. 102]; *Estate of Ball*, 92 Cal.App.2d 93 [206 P.2d 1111]; *Giacomazzi v. Rowe*, 109 Cal.App.2d 498 [240 P.2d 1020]). The same rule has repeatedly been applied in the case of life insurance policies procured by the husband before marriage where community funds are used to pay the premiums after marriage. (*Modern Woodmen of America v. Gray*, 113 Cal.App. 729 [299 P. 754]; *McBride v. McBride*, 11 Cal.App.2d 521 [54 P.2d 480]; *Gettman v. City of Los Angeles Dept. of W. & P.*, 87 Cal.App.2d 862 [197 P.2d 817]; *Field v. Bank of America*, 100 Cal.App.2d 311 [223 P.2d 514]; cf. *Travelers Ins. Co. v. Fancher*, 219 Cal. 351 [26 P.2d 482].)

■ To allow the wife, as was done here, an amount in money "as her interest" in this property without finding the value of such property or the extent of the community property interest therein is clearly an error to her prejudice. (*Bailey* v. *Bailey*, 60 Cal.App.2d 291 [140 P.2d 693].)

Since this portion of the decree must be reversed it becomes immaterial that in the interlocutory decree the court disposed finally of the Scott Street property as of the date of the interlocutory decree. This error (*Wilson* v. *Wilson*, 76 Cal.App.2d 119 [172 P.2d 568]) is not apt to recur since the time has now elapsed which entitles the parties to the entry of a final decree of divorce.

■ The decree ordered the wife to vacate her apartment in the Scott Street property on January 1, 1952. Without regard to any other question this was error because she had an undetermined community property interest in the Scott Street property as we have pointed out above and the order to vacate was based on the court's decision that the wife had no interest in the property. Whether the court would have made this order if it had correctly decided the other question cannot be determined.

■ The wife also complains that the husband was only required to account for the community income up to a date sometime prior to the date of the interlocutory decree. The matter was referred to a referee and an accounting to a certain date was had before him. Thereafter when the referee's report was before the court, although the husband was placed on the witness stand and there was some discussion of a further accounting, none was actually rendered; and at the last hearing the judge took up the disposition of the community property item by item and orally disposed of each item without any objection from the wife's counsel that the accounting was not complete. In this state of the record the wife is in no position now to complain that the court decided the accounting from the evidence before her, nor was it error under these circumstances, after casting the account, to determine that any other monies in the hands of each party were his or her separate property.

After determining the community property interest in the Scott Street property an accounting of that portion of the profits, if any, of that property attributable to the community property interest therein as determined by the court should be had, but we see no reason to interfere with the court's disposition of community income from any other source.

That portion of the decree dealing with the Scott Street property is reversed with directions to the court to proceed to ascertain and dispose of the community property interest therein and the profits, if any, attributable to such community property interest in accordance with this opinion; that portion of the decree directing the wife to vacate the apartment on January 1, 1952, is likewise reversed, and the decree is affirmed in all other particulars. Appellant is allowed her costs on appeal.

Nourse, P. J., and Goodell, J., concurred.