[Civ. No. 20191. Fourth Dist., Div. Two. Aug. 15, 1979.]

BERTHA ROSE BILTOFT, Plaintiff and Respondent, v.
BONNIE L. WOOTTEN, Defendant and Appellant.

**COUNSEL**

Jones & Pittullo and Sidney W. Jones for Defendant and Appellant.

Richard J. Evans and Lawrence W. Dutton for Plaintiff and Respondent.

**OPINION**

**MORRIS, J.**—The decedent, Wendell Edward Biltoft, had a Federal Employees' Group Life Insurance (FEGLI) policy. This appeal involves a contest between the wife and the daughter of the decedent over the proceeds of the FEGLI policy.

### FACTS

During the marriage of the decedent and the wife, the decedent was employed by the federal government. The decedent therefore became eligible for coverage under the Federal Employees' Group Life Insurance program. The premiums on the insurance were paid by biweekly deductions from decedent's pay. The FEGLI policy was a term insurance policy with no cash surrender value and no accumulation of dividends.

The wife and the decedent were separated on March 20, 1976. The wife filed an action for dissolution shortly thereafter. After the wife and the decedent were separated, the decedent changed the beneficiary designation on the FEGLI policy from the wife to his daughter and his son. In November of 1976, the decedent died. The wife claims that a portion of the proceeds is community property because community property was used to pay the premiums. The daughter contends that the entire proceeds were separate property because at the time of death, the premiums had been paid with the decedent's separate property earnings.

## DISCUSSION

The daughter's argument is premised on the view that term insurance only provides insurance for each premium period and that therefore each premium payment is a new contract and purchases a new policy of insurance.

This view was summarily rejected in *Modern Woodmen of America* v. *Gray* (1931) 113 Cal.App. 729 [299 P. 754]. The salient facts in that case were: The husband was issued a term life insurance certificate which named his first wife as beneficiary. The husband later attempted to change the beneficiary designation to his second wife. The attempted nomination of the second wife as beneficiary failed for procedural reasons. Nevertheless, the second wife argued that each quarterly premium constituted a new contract of insurance. She claimed that the entire policy was community property since the last four quarterly premiums were paid with community property.

The court looked at the evidence, which showed that the husband first acquired the insurance certificate when he was 42 years old and able to pass a health examination. At the time of his second marriage, however, he was 67 years old. If he had first applied for coverage at that time, he would have been ineligible under the age limits of the certificate. The court therefore concluded that each premium payment did not constitute a completely new insurance contract. "[I]t was only by virtue of his having obtained the certificate of insurance prior to his marriage to [the second wife] and his having regularly paid the premiums thereon in the meantime, that he was entitled to continue to enjoy the protection afforded by the certificate. While the right of his beneficiaries to receive the proceeds of the policy was dependent upon his continuing to pay the accruing premiums thereon, nevertheless he had acquired the right to have the contract of insurance continued in force by virtue of the

payment of premiums from its issuance to him in 1898 until the date of his second marriage in 1923. This was a valuable right in the eyes of the law and it would be unreasonable to hold that the payment of the premiums after 1923 from community funds would convert the entire proceeds of the certificate of insurance into community property." (*Modern Woodmen of America* v. *Gray, supra,* 113 Cal.App. 729, 732.)

The community property interest in the proceeds of the policy was limited to the proportion that the amount of premiums paid with community property bore to the total amount of premiums.

Similarly, in the present case if the decedent had waited until separation to purchase the FEGLI policy, it is unlikely that he would have been able to obtain the same coverage for the same premium on the same terms of eligibility. The rights of the beneficiaries with respect to this policy were dependent on the fact that the decedent secured the policy during the marriage. The decedent's community efforts for the 20 years prior to the separation maintained the policy in force.

The daughter argues that no person has an interest in a term life insurance policy beyond the date a premium is due, and that if decedent had permitted the policy to lapse, the plaintiff would have no claim because no property right arises until the insured dies.

This argument is simply a reiteration of the contention that each premium payment is a new contract. We reject that view just as the court did in *Modern Woodmen.* Whether decedent could have permitted the policy to lapse and thereby have defeated the community interest is immaterial. The fact is that he did not. He purchased the policy at the first time he was eligible. He thereby (1) avoided any age or health restrictions on eligibility, (2) acquired the right to have the policy continue for as long as he remained in federal civil service and paid the premiums, (3) acquired the right upon termination of service to convert, without physical examination, to an individual life insurance policy, and (4) acquired the right upon retirement, if he elected not to convert, to have the life insurance provided in accordance with the group policy (at a 2 percent monthly reduction after age 65 until the life insurance reaches 25 percent of full coverage) at retirement.

These benefits were derived from the contract which had its inception during the marriage, and were preserved by the payment of the

premiums out of community funds during the nearly 20 years of the marriage.

Neither are we impressed by the daughter's argument that confusion will result if the proceeds of term life insurance policies are required to be apportioned between community and separate property. There is no reason, as daughter contends, for a trial court to retain jurisdiction until the policy owner dies. The court in the dissolution action may simply determine the value of the community interest in the same way it does any other rights in community property. The value of those rights might well depend upon the nature of the benefits realized as a result of the acquisition of the contract during the marriage.

In this case the court properly ruled that the proceeds of the FEGLI policy must be apportioned between community and separate property in the same ratio that the amount of premiums paid from community earnings bears to the amount of premiums paid from separate property. (*Modern Woodmen of America* v. *Gray, supra,* 113 Cal.App. 729, 733-734; *Gettman* v. *City of L. A. Dept. of W. & P.* (1948) 87 Cal.App.2d 862, 865-866 [197 P.2d 817]; *McBride* v. *McBride* (1936) 11 Cal.App.2d 521, 524 [54 P.2d 480].)

The judgment is affirmed.

Kaufman, Acting P. J., and McDaniel, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 11, 1979.