[Civ. No. 5961. Fourth Dist. Jan. 28, 1959.]

H. R. BAINBRIDGE et al., Appellants, v. COUNTY OF RIVERSIDE, Respondent.

Hennigan, Ryneal & Nixen for Appellants.

Ray T. Sullivan, Jr., County Counsel, and Justin M. McCarthy, Deputy County Counsel, for Respondent.

STONE, J. pro tem.*—This is an appeal from a judgment dismissing plaintiffs' second amended complaint. The plaintiffs Bainbridge and Watkins were engaged in a joint busi-

*Assigned by Chairman of Judicial Council.

ness venture, one of its purposes being to move houses from Oceanside, San Diego County, to land located in an unincorporated territory of Riverside County. Prior to the beginning of the business venture by the plaintiffs the Board of Supervisors of Riverside County enacted an ordinance requiring the payment of a license tax of $50 for each house moved onto land in an unincorporated area. Plaintiff Bainbridge paid under protest a tax of $1,500 imposed pursuant to the ordinance. The plaintiff Watkins was fined $500 for violating the ordinance. In the second amended complaint plaintiff Bainbridge sought reimbursement of the $1,500 license tax so paid, and plaintiff Watkins sought reimbursement of the $500 fine paid to the county. Subsequent to the payment of the tax and the fine, the Supreme Court held the ordinance to be invalid.

Defendant specified four grounds in its demurrer to the complaint and the court in sustaining the demurrer failed to indicate upon which ground or grounds the order was based. Three of the grounds of demurrer are untenable and it is unnecessary to consider them on this appeal. The remaining ground of demurrer is founded upon the statute of limitations. It is defendant's position that the plaintiffs have failed to comply with the provisions of the Government Code concerning the filing of claims against a county. The pertinent Government Code sections relating to claims against a county are as follows: Section 29700 provides in substance that the board of supervisors shall not consider or allow any claim in favor of any person against the county or any county or district fund unless it is itemized as provided therein. Section 29701 requires that the claim be verified and filed with the clerk of the board or the auditor, and section 29702 provides that "A claim shall be filed within a year after the last item accrued."

Plaintiffs' second amended complaint reflects that Bainbridge paid the $1,500 illegal license tax between the dates of December 27, 1954, and March 24, 1955, and that his verified claim was filed with the clerk of the board of supervisors on September 4, 1956. The plaintiff Watkins it is alleged paid a $500 fine July 1, 1955, and filed his claim with the board of supervisors on September 4, 1956. Thus from the face of the complaint it appears that more than one year elapsed "after the last item accrued" before each verified claim was filed.

■ Appellants contend that Government Code, section 29700 et seq., are not applicable in this case, but rather that

Revenue and Taxation Code, section 5097, controls. This section provides that a claim for a refund of taxes illegally collected may be filed within three years. However, Revenue and Taxation Code, section 5097 et seq., apply only to the recovery of property taxes illegally or erroneously collected and are not applicable to license taxes or fines. Chapter 5, division 1 of the Revenue and Taxation Code, comprising sections 5096 through 5143 are reenactment of former title IX of the Political Code, including section 3804 which provided a three-year period of limitation. It is well established that former section 3804 of the Political Code had reference only to the payment of illegal taxes pursuant to an assessment of property. (*Trower* v. *City & County of San Francisco*, 157 Cal. 762, 769 [109 P. 617]; 24 Cal.Jur. p. 320, § 291; The California Tax System, by J. Gould [West's Rev. & Tax. Code, vol. 59, p. 2 et seq.].)

■ Appellant offers the somewhat unusual argument that because the Supreme Court held the ordinance in question invalid as an attempt to raise revenue by a license tax upon a business undertaking, the tax could not be a license tax but must be a property tax and thus within the scope of Revenue and Taxation Code, section 5097. This argument falls because the improper application of a tax does not change its nature. The Supreme Court held the ordinance in question to be invalid because it was an attempt to impose a license tax for revenue purposes only in violation of section 12, article XI of the Constitution and section 16100 of the Business and Professions Code. (*In re Gritton*, 46 Cal.2d 856, 860 [300 P.2d 7].)

■ Government Code, section 29700 et seq., provide a procedure for filing claims against a county arising by virtue of either contract or tort. Counties, as agencies of the state, enjoy the protection of sovereign immunity. Therefore, when a general procedure is established to perfect claims against a county it must be followed unless a special statute authorizing an action against a county provides the procedure to be followed in perfecting that particular type of claim. (*Albaeck* v. *County of Santa Barbara*, 123 Cal.App.2d 336, 340 [266 P.2d 844]; *Dillard* v. *County of Kern*, 23 Cal.2d 271, 275 [144 P.2d 365, 150 A.L.R. 1048]; *Artukovich* v. *Astendorf*, 21 Cal. 2d 329, 332 [131 P.2d 831].) There is no special statute providing a procedure to be followed in seeking reimbursement of license taxes or of fines illegally collected by a county.

Therefore, the general provisions of Government Code, sections 29700, 29701 and 29702, are applicable in this case.

 Appellant advances the argument that if it is conceded that Government Code, sections 29701 and 29702, are controlling, none the less the cause of action did not accrue until the Supreme Court declared the ordinance in question unconstitutional. Such an interpretation of the term "accrue" would place the filing of its claims with the board of supervisors well within the year specified in section 29702. Thus the question is whether the cause of action accrued when the payment was made under protest or when the Supreme Court handed down its decision holding the ordinance to be invalid.

 A cause of action accrues at the moment when the party who owns it is entitled to bring and prosecute an action thereon. (1 Cal.Jur.2d 640, § 38; *Lubin* v. *Lubin,* 144 Cal. App.2d 781, 789 [302 P.2d 49]; *Los Angeles County* v. *Metropolitan Casualty Ins. Co.,* 135 Cal.App. 26, 28 [26 P.2d 699, 27 P.2d 914]; *Smith* v. *Minnesota Mutual Life Ins. Co.,* 86 Cal.App.2d 581, 590 [195 P.2d 457]; 84 C.J.S., p. 1298, § 639.)

 Thus the causes of action in this case were not dependent upon the outcome of other litigation pending in the Supreme Court even though such litigation pertained to the same ordinance. That both plaintiffs considered the ordinance invalid at the time of payment is evident from the payment of the license tax under protest by Bainbridge and the payment of the fine by Watkins only after a trial defended upon the ground that the ordinance was "illegal." In this action the right to commence proceedings to collect the tax illegally assessed and fine illegally imposed accrued upon payment of the last item in each instance.

It appears from the face of the complaint that appellants failed to file a claim for reimbursement of either the license tax collected or the fine imposed within one year after the last item accrued and the demurrer on the ground that each cause of action was barred by the statute of limitations was properly sustained. The plaintiffs having failed to amend their complaint within the 20 days allowed by the court, the judgment of dismissal must be affirmed.

Judgment affirmed.

Mussell, Acting P. J., and Shepard, J., concurred.