[Civ. No. 52848. First Dist., Div. Four. Mar. 29, 1983.]

In re the Marriage of DOREE G. and ROBERT J. DONNELLY.
DOREE G. DONNELLY, Respondent, v.
ROBERT J. DONNELLY, Appellant.

COUNSEL

Michael R. Farrah for Appellant.

Walter T. Winter and Diane Lawrence for Respondent.

OPINION

THE COURT.*—Robert Donnelly appeals from a portion of a decree of marital dissolution determining to be community property benefits received under an income protection insurance policy purchased during appellant's marriage to Doree Donnelly and paid for with community funds. The benefits became payable following separation of the parties upon appellant's total disability.

The parties married on May 28, 1950. On January 9, 1961, appellant entered employment with the San Francisco Police Department as a police officer. On November 24, 1968, appellant took out an " income protection" policy issued by New York Life Insurance Company. Premiums of $32.52 per month were paid from appellant's earnings. On November 31, 1977, appellant was injured in the performance of his duties as a policeman; he took disability retirement from the police department on February 5, 1979. On August 21, 1979, the parties separated.

In the dissolution proceeding, New York Life Insurance Company was joined for determination of the interspousal status of the policy. The court determined that the policy was a community asset and the present appeal followed.

Husband contends that payments received by reason of a person's status as a disabled person are separate property because they derive from the disability rather than from labor (citing *In re Marriage of Flockhart* (1981) 119 Cal.App.3d 240 [173 Cal.Rptr. 818], and *In re Marriage of Jones* (1975) 13 Cal.3d 457 [119 Cal.Rptr. 108, 531 P.2d 420]). In *Flockhart,* the benefit arose from United States Public Law No. 85-250, the Redwood Employee Protection Program. The court held "the weekly layoff benefit" was not in the nature of a pension as Mrs. Flockhart had contended, but rather, present compensation replacing lost income and hence, separate property. In *Jones,* the California Supreme Court held that military pay received on retirement for disability serves primarily to compensate the disabled serviceman for current suffering and lost earning capacity. On that basis only such payments as are received dur-

---

*Before Caldecott, P. J., Rattigan, J., and Christian, J.

ing the marriage constitute a community asset, and the veteran's right to payments subsequent to dissolution is his separate property.

*Jones* was decided prior to *In re Marriage of Brown* (1976) 15 Cal.3d 838 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164], where the Supreme Court held that "[p]ension rights, whether or not vested, represent a property interest; to the extent that such rights derive from employment during coverture, they comprise a community asset subject to division in a dissolution proceeding." (*Id.*, at p. 842.) *Brown* disapproved *Jones*. (*Id.*, at p. 851, fn. 14.) In *In re Marriage of Stenquist* (1978) 21 Cal.3d 779 [148 Cal.Rptr. 9, 582 P.2d 96], the Supreme Court again reexamined *In re Marriage of Jones*. It first noted that its holding in *Brown* "undermines the fundamental premise of *Jones*: that the award of a serviceman's 'disability' pension to the serviceman as his separate property would not impair any community interest of his spouse." (*Id.*, at p. 785.)

Here the community estate, during the marriage, contracted to purchase an income protection policy. The policy is a private contract of insurance, not an employee benefit disability plan, which provides for the payment of a flat sum (here $400 per month for total disability) for a fixed term (here five years for accident total disability). The premiums were paid from community earnings. The instant policy thus closely resembles a life insurance policy.

A life insurance policy purchased during the marriage with community funds is a community asset. (*New York L. Ins. Co.* v. *Bank of Italy* (1923) 60 Cal.App. 602 [214 P. 61].) Here, the benefits are derived from a contract which had its inception during the marriage, and were preserved by the payment of the premiums out of community funds during the marriage. We discern no difference between the policy before us and an insurance policy on a husband's life purchased during marriage with community funds. (*Biltoft* v. *Wootten* (1979) 96 Cal.App.3d 58, 60-62 [157 Cal.Rptr. 581].) As the court stated in *In re Marriage of Flockhart, supra,* 119 Cal.App.3d at page 242: "It is axiomatic that 'property attributable to community earnings must be divided equally when the community is dissolved.' (*In re Marriage of Brown* (1976) 15 Cal.3d 838, 847-848 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164].)" The determination made by the trial court in the present case was correct.

Affirmed.